UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 4, 2014

LETTER TO COUNSEL

RE: *Robert Goldsboro v. Commissioner, Social Security Administration*;
Civil No. SAG-14-153

Dear Counsel:

On January 17, 2014, Plaintiff Robert Goldsboro petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Goldsboro filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 18, 2006. (Tr. 52–53). He alleged a disability onset date of October 2, 2006. (Tr. 96, 102). His claims were denied initially and on reconsideration. (Tr. 56–63, 67–70). A hearing was held on February 26, 2008, before an Administrative Law Judge ("ALJ"). (Tr. 19–51). Following the hearing, the ALJ determined that Mr. Goldsboro was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10–17). Mr. Goldsboro appealed, and on December 22, 2011, this Court remanded the case to the Commissioner for further consideration. (Tr. 580–85). A second hearing was held before an ALJ on March 28, 2013. (Tr. 532–76). Following that hearing, the ALJ again determined that Mr. Goldsboro was not disabled. (Tr. 510–25). The Appeals Council denied Mr. Goldsboro's request for review, (Tr. 492–95), so the ALJ's May 29, 2013, decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Goldsboro suffered from the severe impairments of coronary artery disease and obesity. (Tr. 516). Despite Mr. Goldsboro's impairments, the ALJ determined that he retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with standing/walking six hours in an eight-hour workday, sitting six hours in an eight-hour workday, lifting 20 pounds occasionally and 10 pounds frequently; and his nonexertional limitations limit him to doing all postural movements occasionally

> but never occasional climbing ladders/ropes/scaffolds and avoiding concentrated exposure to environmental irritants such as odors, dusts, gases, odors, fumes, and poor ventilation.

(Tr. 520). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Goldsboro could perform jobs existing in significant numbers in the national economy, and that therefore he was not disabled. (Tr. 16–17).

Mr. Goldsboro raises four primary arguments on appeal: (1) that the ALJ should have obtained new medical opinions; (2) that the ALJ erred in evaluating his intellectual functioning; (3) that the ALJ should have concluded he was disabled pursuant to the Medical-Vocational Rules; and (4) that the ALJ did not adequately evaluate Dr. de la Rosa's medical opinion on remand. Each argument lacks merit and is addressed below.

Mr. Goldsboro first argues that the ALJ erred in evaluating the objective and treatment evidence, submitted by Mr. Goldsboro on remand, pertaining to his sleep apnea, diabetes, pulmonary disease, and lumbar disc disease. Pl.'s Mem. 6. Specifically, Mr. Goldsboro argues that the ALJ lacks the authority and skill to evaluate the effect of those impairments on Mr. Goldsboro's ability to work, because there was no medical opinion on the subject. However, Mr. Goldsboro cites to no authority for his proposition that the ALJ cannot consider objective testing and treatment evidence in the absence of medical opinion evidence. To the contrary, Social Security regulations state that an ALJ must evaluate all of the evidence on the record, and that the ALJ is only required to purchase a consultative examination when the ALJ determines (1) that one is necessary to "resolve an inconsistency in the evidence," or (2) that "the evidence as a whole is insufficient to allow" the ALJ to make a decision. 20 C.F.R. §§ 404.1520(a)(3), 404.1519a(b), 416.920(a)(3), 416.919a(b). The ALJ was thus well within her authority to determine that the objective testing and treatment records were sufficient to allow her to conclude that Mr. Goldsboro's sleep apnea, diabetes, pulmonary disease, and lumbar disc disease do not limit his ability to perform basic work activities. The ALJ cited an abundance of evidence supporting her conclusion that those impairments are well controlled with medication and treatment, and Mr. Goldsboro has not cited any evidence undermining that conclusion. (Tr. 516–18).

Mr. Goldsboro next argues that the ALJ erred in discrediting the opinion of Dr. Ansel, who performed a psychological evaluation of Mr. Goldsboro in 2013. Pl.'s Mem. 6–8. Dr. Ansel opined that Mr. Goldsboro satisfied Listing 12.05, Intellectual Disability. (Tr. 734–35). Mr. Goldsboro further contends that even if he did not satisfy Listing 12.05, his mental impairment should have been characterized as severe. Pl.'s Mem. 8. With respect to Listing 12.05, Mr. Goldsboro bore the burden of presenting evidence that he suffered from deficits in adaptive functioning that manifested during the developmental period, and that he satisfied the requirements of one of four subsections. *Hancock v. Astrue*, 667 F.3d 470, 472–73 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Part A § 12.05. Mr. Goldsboro apparently contends that his mental impairment satisfies the requirements of subsections B and C based on his IQ scores. However, as the Fourth Circuit

has explained, "an ALJ has the discretion to assess the validity of an IQ test result and is not required to accept it even if it is the only such result in the record." *Hancock*, 667 F.3d at 474. In this case, the ALJ discredited Mr. Goldsboro's IQ scores because they were "inconsistent with [his] past employment and educational history." (Tr. 518). The ALJ further explained that the record did not indicate the required "deficits or impairments in adaptive functioning." *Id.* Although the ALJ discussed Mr. Goldsboro's IQ scores and deficits in adaptive functioning at step two, the conclusions she reached were supported by substantial evidence, and she did not err at step three by declining to repeat her analysis to determine whether Mr. Goldsboro's non-severe mental impairment met the severity of Listing 12.05. An ALJ is required to discuss listed impairments and compare them individually only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999).

Moreover, the ALJ provided a thorough explanation of why Dr. Ansel's opinion was not entitled to significant weight at both step two and step four. Dr. Ansel's evaluation was the only evidence on the record indicating that Mr. Goldsboro suffered from intellectual limitations. The ALJ noted that Dr. Ansel's opinion was based on a one-time examination, and she thus considered Dr. Ansel to be an examining, rather than a treating, source. (Tr. 518, 523); *see* 20 C.F.R. 404.1527(c), 416.927(c). The ALJ determined that Dr. Ansel's opinion was "not supported by the medical evidence of record or consistent with the record as a whole." (Tr. 523). Specifically, the ALJ found Dr. Ansel's opinion inconsistent with Mr. Goldsboro's "educational background and work experience, self-reported activities, and the longitudinal record of treatment . . . that fails to reveal any observable mental deficiencies." *Id.* Thus, the ALJ considered the factors set forth in the Social Security regulations governing the evaluation of medical opinions, including the length, nature, and extent of the treatment relationship, the supportability of the opinion, and its consistency with the record as a whole. *See* 20 C.F.R. 404.1527(c)(1)–(5), 416.927(c)(1)–(5). Accordingly, I find that the ALJ provided substantial evidence supporting his assessment of Mr. Goldsboro's mental impairments at each step of the sequential evaluation.

Mr. Goldsboro also argues that the ALJ erred in evaluating whether a finding of "disabled" was directed by the Medical-Vocational Rules due to Mr. Goldsboro's illiteracy. Pl.'s Mem. 8–10. The Medical-Vocational Rules (the "Grids"), which are set forth in Appendix 2 of Subpart P of the regulations, allow an ALJ to evaluate a claimant's capability to do other work at Step Five of the sequential evaluation process. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 200.00. The Grids consider a claimant's RFC, age, education, and work experience, and direct a decision of "disabled" or "not disabled," based on whether there are jobs that exist in significant numbers in the national economy that a claimant can perform. When the ALJ's findings coincide with all of the criteria of a rule, the rule is dispositive as to whether a claimant is disabled. *Id.* However, when the ALJ's findings do not coincide with the criteria of a rule, such as when the claimant suffers from both exertional and nonexertional limitations, the Fourth Circuit has instructed that the Grids should instead serve as guidelines. *See id*; *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also* 20 C.F.R. §§ 404.1569a(c), 416.969a(d). Because the ALJ found that Mr. Goldsboro suffered from nonexertional limitations, the Grids were not controlling in this case.

*Robert Goldsboro v. Commissioner, Social Security Administration*
Civil No. SAG-14-153
December 4, 2014
Page 4

Moreover, as the Appeals Council correctly noted, Mr. Goldsboro's previous work experience was skilled/semi-skilled, and thus, neither Rule 201.17 nor Rule 202.09 applies, even if he is illiterate. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 §§ 201.17, 202.09. Accordingly, the ALJ properly sought the testimony of a VE to determine whether Mr. Goldsboro was capable of other work. *See Walker*, 889 F.2d at 50 ("The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform.").

Finally, Mr. Goldsboro claims that the ALJ did not adequately evaluate Dr. de la Rosa's medical opinion on remand. Pl.'s Mem. 10–11. However, contrary to Mr. Goldsboro's assertions, the ALJ thoroughly evaluated Dr. de la Rosa's opinion pursuant to Social Security regulations. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927. *See Pittman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, in this case, the ALJ determined that Dr. de la Rosa's opinion was not entitled to controlling weight because it was not supported by objective evidence and was inconsistent with the other evidence on the record. The ALJ summarized the inconsistent evidence in her decision, and included Dr. de la Rosa's own treatment notes, the treatment notes of other physicians, and Mr. Goldsboro's own testimony concerning his limitations. (Tr. 522–23). In assessing Dr. de la Rosa's opinion, the ALJ thus considered the factors set forth in the Social Security regulations, including the length, frequency, nature, and extent of the treatment relationship, the supportability of the opinion, and its consistency with the record as a whole. *See* 20 C.F.R. 404.1527(c)(1)–(5), 416.927(c)(1)–(5). Accordingly, I find that the ALJ's decision to discount Dr. de la Rosa's medical opinion was reached pursuant to the proper legal standard and was supported by substantial evidence.

For the reasons set forth herein, Mr. Goldsboro's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge